# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **AISHA DUTCHER**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No. 2:23-cv-1236** |
| | **Judge:** |
| **RPM LIVING, LLC**, a Texas limited liability company, | **Mag. Judge:** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **AISHA DUTCHER** ("**DUTCHER**" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Americans with Disabilities Act (ADA) and Florida Civil Right Act (FCRA) for (1) discrimination in violation of the ADA, (2) discrimination in violation of the FCRA, (3) retaliation in violation of the ADA, and (4) retaliation in violation of the FCRA.

1

## PARTIES

2. The Plaintiff, **AISHA DUTCHER** ("**DUTCHER**") is an individual who at all material times worked for the Defendant in Collier County, Florida.

3. Defendant, **RPM LIVING, LLC** ("Defendant") is a Texas limited liability company that employed **DUTCHER** in Collier County, Florida. At all material times, the Defendant employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Collier County, and Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Collier County is within the Fort Myers Division.

6. **DUTCHER** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on October 2, 2023 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

7. **DUTCHER** began her employment with Defendant on or about November 3, 2022, and was employed as a community manager.

8. **DUTCHER** always performed her assigned duties in a professional manner and was able to do her job despite being a qualified person with a disability.

9. On January 28, 2023, **DUTCHER** was involved in a car accident wherein she sustained injuries that caused musculo-skeletal disabilities, which affect her ability to walk and work.

10. **DUTCHER** promptly reported this to the Defendant, and requested to work remotely for a few weeks while she recuperated since she was able to perform all of the essential functions of her job remotely.

11. The Defendant arbitrarily denied this request and refused to engage in the interactive process.

12. **DUTCHER** then provided the Defendant with further details in regard to her need for reasonable accommodations on or about February 8, 2023.

13. Rather than attempt to accommodate her disability and engage in the interactive process, the Defendant terminated **DUTCHER**'s employment on February 15, 2023.

14. At all material times, the Defendant was aware of **DUTCHER**'s disability and, consequently, her protected class, which is the basis for its discriminatory employment practices toward her.

15. There was no cause given at the time for the termination and the termination served no legitimate business purpose.

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

16. Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

17. At all relevant times, **DUTCHER** was an individual with a disability within the meaning of the ADAAA.

18. Specifically, **DUTCHER** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

19. **DUTCHER** is a qualified individual as that term is defined in the ADAAA.

20. **DUTCHER** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

21. At all material times, **DUTCHER** was an employee, and the Defendant was her employer covered by and within the meaning of the ADAAA.

22. **DUTCHER** has disabilities, which qualify under the ADAAA.

23. Defendant discriminated against **DUTCHER** with respect to the terms, conditions, and privileges of employment because of her disabilities.

24. Defendant conducted itself with malice or with reckless indifference to **DUTCHER**'s federally protected rights.

25. Defendant discriminated against **DUTCHER** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

26. The conduct of Defendant altered the terms and conditions of **DUTCHER**'s employment and **DUTCHER** suffered negative employment action in the form of discipline and termination.

27. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **DUTCHER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

28. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **DUTCHER** is entitled to all relief necessary to make her whole.

29. As a direct and proximate result of the Defendant's actions, **DUTCHER** has suffered damages, including but not limited to, a loss of

employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

30.   **DUTCHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.   Reasonable attorney's fees plus costs;

v.   Compensatory damages;

vi.   Punitive damages, and;

vii.   Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT-DISABILITY DISCRIMINATION

31. Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

32. At all relevant times, **DUTCHER** was an individual with a disability within the meaning of the FCRA.

33. Specifically, **DUTCHER** has impairments that would substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

34. **DUTCHER** is a qualified individual as that term is defined in the FCRA.

35. **DUTCHER** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of the job with the Defendant.

36. At all material times, **DUTCHER** was an employee, and the Defendant was her employer covered by and within the meaning of the FCRA.

37. **DUTCHER** has disabilities, which qualify under the FCRA.

38. Defendant discriminated against **DUTCHER** with respect to the terms, conditions, and privileges of employment because of her disabilities.

39. Defendant conducted itself with malice or with reckless indifference to **DUTCHER**'s protected rights under Florida law.

40. Defendant discriminated against **DUTCHER** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

41. The conduct of the Defendant altered the terms and conditions of **DUTCHER**'s employment and **DUTCHER** suffered negative employment action in the form of discipline and termination.

42. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **DUTCHER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

43. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **DUTCHER** is entitled to all relief necessary to make her whole.

44. As a direct and proximate result of the Defendant's actions, **DUTCHER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

45. **DUTCHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

### COUNT III – VIOLATION OF THE ADA- RETALIATION

46. Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

47. Following **DUTCHER**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **DUTCHER**.

48. Said protected activity was the proximate cause of Defendant's negative employment actions against **DUTCHER** including changed working conditions, discipline, and ultimately termination.

49. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **DUTCHER** via changed working conditions, discipline, and termination.

50. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

51. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, **DUTCHER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

52. As a direct and proximate result of the violations of the ADA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **DUTCHER** is entitled to all relief necessary to make her whole as provided for under the ADA.

53. As a direct and proximate result of Defendant's actions, **DUTCHER** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

54. **DUTCHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

**COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION**

55. Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

56. Following **DUTCHER**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **DUTCHER**.

57. Said protected activity was the proximate cause of Defendant's negative employment actions against **DUTCHER** including changed working conditions, discipline, and ultimately termination.

58. Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **DUTCHER** via changed working conditions, discipline, and termination.

59. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

60. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **DUTCHER** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

61. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **DUTCHER** is entitled to all relief necessary to make her whole as provided for under the FCRA.

62. As a direct and proximate result of Defendant's actions, **DUTCHER** has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

63.  **DUTCHER** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.  Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii.  Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv.  Reasonable attorney's fees plus costs;

v.  Compensatory damages;

vi.  Punitive damages, and;

vii.  Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **AISHA DUTCHER**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: December 29, 2023      **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com